The opinion of the court was delivered by
Tij.giiman, C. J.
This is an action brought by Jacob, Joseph, and Benjamin Gratz, against Philip Benner, for a tract of land in Centre county1. When the jury were ealled, the plaintiffs chai *111 lenged Andrew.Shivery, one of the jurors, for cause, viz. that he was interested in another tract of land, held by the plaintiff, under the same title as that now in suit. It was admitted, however, that the matter in dispute in the other tract, was an interference, not at all affecting the land now in dispute. The juror, therefore, was not interested in the present suit, or in any land, the title of which depended on the same principles as were to be decided in this suit. So that the court were right in overruling the challenge.
The second exception was, to the opinion of the court,, in the construction of the second section of the 13th of April, 1807. By this law, it is enacted, that where upon the service of a writ of ejectment, it shall appear to the sheriff, that other persons, not named in the writ, are in possession of any part of the premises, he shall add their names to the writ, and serve it upon them, and they shall become parties to the action; “and the return by the sheriff of having served any such writ on the defendants, marked ‘served,’ by him, shall be evidence of such defendants being in actual possession of the premises, or part thereof.” It was contended, on the part, of the defendant, that, this act had no bearing on the present suit; because here, Philip Benner was th.e only defendant named in the writ, nor did the sheriff find any other person in possession, but made return, that he had served the writ Qn Philip Benner, the defendant. It is not quite clear, from the words of the act, whether the evidence of possession, arising from the sheriff’s return, “served,” is applicable’to all the defendants, or restricted to those who were not named in the writ, but being found in possession, were added, as defendants, by the sheriff. But immediately after the passing of the act, and ever since, a construction has prevailed, which extends the evidence arising from the sheriff ’s return, to all the defendants. And this construction will appear very reasonable, when we consider how the law stood, previous to this act. Although the plaintiff proved a good title, and the defendant showed no title at all, the plaintiff failed in his suit, unless he proved that the defendant was in possession. Now, it did not occur to any but experienced counsel, that such proof was necessary. For it would never enter into the head of a young man, not conversant in ejectment causes, that the defendant, who was notoriously in possession, and had appeared, and disputed the plaintiff’s title, should deny his possession, or that the plaintiff would be called on to prove it. It often happened, therefore, that the plaintiff was taken by surprise; and, although his cause was perfectly good, he lost it, and had. to pay the costs. ' This was an evil, in the administration of justice; and, as the words of the act in question are broad enough to remedy it, the courts very wisely-gave them a construction which would prevent the mischief. No injury is done to the defendant by this construction, because the sheriff’s return is but prima facie evidence; and if the defendant is really not in possession, he is permitted to prove it, I am of *112 opinion, therefore, that the act of assembly was misconstrued by the Court of Common Pleas. The judgment is to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.